UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON PARKER,

    Plaintiff

    v.                                  Case No. 2:17-cv-372

BAKER HUGHES, INC.,
BAKER HUGHES INCORPORATED
LONG TERM DISABILITY PLAN,
METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Jason Parker, by his attorney, Justin S. Raines, CARAWAY, TABOR & BYERS, LLP, and for cause of action against Defendants, states:

1. Plaintiff is, and at all times material hereto, has been, a resident of Roswell, Chavez County, New Mexico.

2. Defendants Baker Hughes, Inc. ("Baker Hughes"), and Metropolitan Life Insurance Company ("MetLife") are foreign corporations that engage in business in the State of New Mexico.

3. Defendant Baker Hughes Incorporated Long Term Disability Plan ("the policy") is a policy pursuant to 29 U.S.C. §1132, §502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA").

4. This action is brought under ERISA. Jurisdiction and venue are proper in this Court pursuant to subsection (e) of 29 USC §1132, §502(e) of ERISA.

5. Plaintiff was employed by Baker Hughes and on June 2, 2014, was covered for

long-term disability ("LTD") insurance under the policy issued by Defendant Baker Hughes.

6. Defendant Baker Hughes is the Plan Administrator and delegated its authority to decide claims and all responsibilities under ERISA to Defendant MetLife.

7. The policy states that if Defendants issued a denial of disability benefits, Plaintiff could file one appeal before completing administrative review. It stated that if the appeal was denied, Plaintiff had the right to file suit under ERISA.

8. The policy had a "pre-existing condition" provision that excluded LTD coverage for conditions that Plaintiff obtained treatment for during the one-year period prior to the start of coverage--June 2, 2014, for Plaintiff.

9. Plaintiff filed a claim for LTD benefits due to symptoms and functional limitations from a right knee injury requiring surgery, which was sustained on the job while working for Defendant Baker Hughes, and Plaintiff stated that his last day of work was November 12, 2014.

10. Plaintiff stated that his right knee was unable to sustain weight and had popping, clicking, and grinding.

11. Plaintiff's job title with Defendant Baker Hughes was field operator II-PP, and his job duties included continuous standing and walking, heavy and very heavy lifting, rigging up and down, driving trucks, and operating equipment for Baker Hughes.

12. Despite obtaining records showing that Plaintiff's right knee injury occurred after June 2, 2014--for example, office treatment notes showing that the injury occurred in October 2014, a December 2014 MRI of the claimant's right knee, which showed a torn meniscus, and right knee surgical records from April 2015--Defendants denied Plaintiff's claim on August 23, 2015, for failure to provide evidence and for having a pre-existing condition.

13. The denial stated that Plaintiff must "submit medical documentation that proves your disability is **not** related, or the results [sic] of your disability diagnosis [sic] for knee strain, contusion of the right knee, derangement of the knee, and medial meniscus tear of the right knee." (Emphasis added.)

14. Defendants' internal records show that on August 19, 2015, prior to issuing its August 23, 2015 denial, Defendants' determined that an "IE," or independent examination, was needed to decide Plaintiff's claim.

15. Nonetheless, Defendants' proceeded to deny Plaintiff's claim without obtaining an IE.

16. Plaintiff appealed the denial and submitted additional proof that his right knee injury occurred after the pre-existing condition period, specifically from an injury while working for Defendant Baker Hughes.

17. By letter dated April 28, 2016, Defendants reversed its pre-existing condition denial and approved the appeal, but only from May 21, 2015, to July 24, 2015, and without obtaining any medical records following Plaintiff's right knee surgery in April 2015.

18. Defendants assumed that Plaintiff had recovered from his right knee surgery and could return to his heavy occupation on July 24, 2015.

19. Defendants did not send Plaintiff's appeal to an independent team for review; rather, they had the same people review Plaintiff's appeal that had issued the first denial.

20. Despite the policy only requiring Plaintiff to file one appeal, Defendants' denial letter stated that Plaintiff was required to file a second appeal with Defendants before completing the administrative review.

21. Plaintiff filed a second appeal, and Defendants' obtained two "Physician

Consultant Review" opinions from Howard P. Taylor, M.D., a "Board Certified Orthopedic Surgeon" licensed in Massachusetts.

22. Defendants had a long-standing relationship with Dr. Taylor and, upon information and belief, have paid him in excess of $100,000.00 per year for his "independent" opinions, since at least 2009.

23. Additionally, Dr. Taylor relied on the opinion of "Ana," an employee of Plaintiff's surgeon whose primary responsibility is apparently answering medical records requests, to determine that Plaintiff had no limitations after July 24, 2015.

24. Defendants did not obtain or provide Dr. Taylor with Plaintiff's primary care records from September 3, 2015, to September 2, 2016, which showed Plaintiff's ongoing treatment for right knee pain.

25. By letter dated September 28, 2016, Defendants issued a third denial stating that Defendants had upheld their prior second decision and that the administrative review was completed.

26. Defendants breached the terms of the policy contract with Plaintiff by abusing their fiduciary relationship and failing to provide a full and fair review of the Plaintiff's claim.

27. Defendants acted in an arbitrary and capricious, negligent, and bad faith manner in wrongly and improperly evaluating the Plaintiff's claim, including construing the terms of the policy and evaluating evidence.

28. As a direct result of the arbitrary and capricious, negligent, and bad faith review of the Plaintiff's claim, and in breach of their fiduciary duties to impartially and fairly evaluate the claim of Plaintiff, Plaintiff has suffered financial loss and deprivation of contractual benefits under the policy.

WHEREFORE, Plaintiff requests the Court award him judgment against the Defendants for all disability benefits due Plaintiff under the terms of the policy, together with accrued interest thereon, costs, reasonable attorney fees, and such other and further relief as the Court deems just in the premises.

Respectfully submitted,

CARAWAY, TABOR & BYERS, LLP,

By: /s/  Justin S. Raines
    Justin S. Raines
    PO Box 1718
    Carlsbad, New Mexico 88221-1718
    (575)885-4171
    justin@mccormicklawfirm.net
    Attorney for Plaintiff